# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DARNELL K. BENNETT** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **PHILA DOMESTIC RELATIONS** | : | |
| **DIVISION and PHILA COUNTY** | : | **NO. 19-99** |

## MEMORANDUM OPINION

**Savage, J.**  **January 24, 2019**

Plaintiff Darnell K. Bennett, who is proceeding *pro se*, filed a Complaint against "Phila Domestic Relations Division" and "Phila County." We shall grant Bennett leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice.

Facts and Procedural History

The Complaint does not provide any information about Bennett's claims. He indicates that the events giving rise to his claims occurred in 2002. In the section of the form complaint describing the facts giving rise to his claims, Bennett wrote "42 U.S.C. 1983 18 U.S.C. 241 Deprivation of rights under color of law conspiracy against right class action lawsuit."[1] Bennett does not provide any further information about his claims and does not allege any injuries. He seeks damages in the amount of $116,200.

In an Order docketed on January 18, 2019, we denied Bennett's first motion to proceed *in forma pauperis* without prejudice because he had failed to provide sufficient information about how he was supporting himself. We gave Bennett an opportunity to file an amended motion or pay the fees to commence this civil action.

---
[1] Compl. at 6.

Bennett filed a second motion to proceed *in forma pauperis*. He also filed documents totaling 211 pages, which were docketed as exhibits to his Complaint. Those documents generally pertain to a 2009 case in the Philadelphia Court of Common Pleas Domestic Relations Division in which he is a defendant. The documents also reflect that Bennett owes past-due child support and that his wages were garnished. It appears that Bennett seeks to challenge the garnishment of his wages in light of the numerous motions he filed in state court to that effect, which are included in his exhibits.

Standard of Review

Because it appears that he is not capable of paying the fees to commence this civil action, we shall grant Bennett leave to proceed *in forma pauperis*. Because he is proceeding *in forma pauperis*, we must apply 28 U.S.C. § 1915(e)(2)(B)(ii) which requires us to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Hence, we must determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). At the same time, in light of his *pro se* status, we construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short a plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true

2

substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). This Court has noted that Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, C. A. No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

Discussion

Bennett's Complaint fails to contain any factual allegations. At the most, it consists of bald conclusions. Even considering the exhibits submitted with the second motion to proceed *in forma pauperis*, the Complaint still fails to state a claim because Bennett may not rely solely on voluminous exhibits, rather than factual allegations, to state a claim. *See DiGenova v. Unite Here Local 274*, 673 F. App'x 258, 260 (3d Cir. 2016) (per curiam) ("The documents that DiGenova submitted as his amended complaint do not contain a 'short and plain statement' of any claim, Fed. R. Civ. P. 8(a)(2), and DiGenova's allegations are not 'simple, concise, and direct,' Fed. R. Civ. P. 8(d)(1)."); *Binsack v. Lackawanna Cty. Prison*, 438 F. App'x 158, 160 (3d Cir. 2011) (per curiam) ("[Plaintiff's] voluminous exhibits, do not, without the required 'short and plain statement,' communicate the nature of his claim, and would, in any event, be insufficient to satisfy Rule 8(a)."). Thus, although Bennett's submissions suggest that he challenges the garnishment of his wages, he has not clearly alleged as much nor explained the factual basis for his challenge.

Bennett's Complaint is deficient for other reasons as well. The criminal statutes to which Bennett refers do not provide a basis for civil liability. *See Colon-Montanez v.*

*Pennsylvania Healthcare Serv. Staffs*, 530 F. App'x 115, 118 (3d Cir. 2013) (per curiam) ("[T]hese criminal statutes [18 U.S.C. §§ 241 and 242] provide no private right of action for use by a litigant such as Colon–Montanez."). Furthermore, the "Phila Domestic Relations Division," which appears to be the Philadelphia Court of Common Pleas Domestic Relations Division, is not subject to suit under § 1983 because state courts in Pennsylvania are not considered "persons" for purposes of § 1983 and are entitled to Eleventh Amendment immunity because they are institutions of the Commonwealth. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989) (states are entitled to Eleventh Amendment immunity from claims under 42 U.S.C. § 1983 and are not "persons" for purposes of that provision); *Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005) (state courts in Pennsylvania share in the Commonwealth's Eleventh Amendment immunity). Bennett has also failed to state a claim against the City of Philadelphia because he has not alleged that a municipal policy or custom led to the violation of his constitutional rights. See *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978). Finally, to the extent Bennett sought to bring a class action, he lacks the ability to do so as a non-attorney proceeding pro se and, in any event, has not articulated any basis for class action claims. *See Osei-Afriyie ex rel. Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882-83 (3d Cir. 1991) (a pro se litigant who is not an attorney may not pursue claims on behalf of anyone other than himself).

## Conclusion

For the foregoing reasons, the Court will dismiss Bennett's Complaint. In light of Bennett's *pro se* status, the Court will dismiss the Complaint without prejudice to

4

amendment in the event Bennett can articulate a legitimate basis for a claim against an appropriate defendant.

/s/TIMOTHY J. SAVAGE